IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal Action No. 99-58-2-JJF |
| WILLIAM BRYAN HENRY, | : |
| Defendant. | : |

**MEMORANDUM ORDER**

Pending before the Court is a Motion For Sentence Modification (D.I. 95) filed by Defendant, William Bryan Henry. On March 18, 2005, Defendant was sentenced by the Superior Court of Delaware to twenty years imprisonment for second degree murder and twenty years imprisonment for the possession of a firearm, with the sentences to be served consecutively. By his Motion, Defendant contends that he is being denied better housing and other privileges that coincide with his good behavior because of the Federal Detainer imposed on him by the United States Bureau of Prisons for the sentence imposed on him by the Honorable Roderick R. McKelvie. Judge McKelvie sentenced Defendant to eighteen months imprisonment on May 23, 2000, as a result of his guilty plea to one count of conspiracy to utter forged securities of an organization in violation of 18 U.S.C. § 371.

Defendant has not provided the Court with any grounds upon which to base a modification of his sentence. In United States v. Sally, 116 F.3d 76, 77-82, the Third Circuit concluded that

the district court should consider extraordinary or exceptional post-conviction rehabilitation efforts when resentencing a defendant. However, the <u>Sally</u> decision has been limited to "post-conviction, presentence conduct" in circumstances in which the defendant is resentenced for reasons independent of the rehabilitation. <u>United States v. Medley</u>, 168 F. Supp. 2d 293 (D. Del. 2001). In addition, rehabilitation alone is not a grounds upon which to justify resentencing. <u>Id.</u> (citing <u>United States v. Gallagher</u>, 1998 WL 42282, *5 (E.D. Pa. Jan. 9, 1998)).

In this case, Defendant's original sentence has not been vacated, and he is not subject to resentencing. Moreover, Defendant's reference to his good behavior appears to be post-sentencing conduct that does not come within the contours of <u>Sally</u>. Accordingly, the Court concludes that reduction of Defendant's sentence is not warranted.

NOW THEREFORE, IT IS HEREBY ORDERED this 9 day of November 2005, that Defendant's Motion For Sentence Modification (D.I. 95) is **DENIED**.

                                                  /s/ Joseph J. Farnan
                                                  UNITED STATES DISTRICT JUDGE